# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CATHERINE ZBYNSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08CV278 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Catherine Zbynski seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on February 21, 2008, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on October 5, 1973, and was 30 years of age on her alleged onset date of disability. She has completed one year of college. Plaintiff has past relevant work experience as a waitress, cook and delivery person. Plaintiff alleges disability as of October 28, 2003, due to bipolar disorder and mild spastic cerebral palsy.

## The Administrative Proceedings

Plaintiff filed applications for Disability Insurance Benefits and SSI on November 18, 2003, alleging disability as of October 28, 2003, due to bipolar disorder and mild spastic cerebral palsy. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on January 20, 2006, and a decision awarding benefits for the closed period from March 11, 2004 through February 27, 2006, but otherwise denying benefits, was issued on July 28, 2006. Plaintiff filed a request for review, and on September 22, 2006, the Appeals Council found no basis for review of the ALJ's decision. On February 21, 2008, the Appeals Council set aside its ruling to consider additional information submitted by Plaintiff, but again denied review. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff met the insured status requirements of the Social Security Act on, and has not engaged in substantial gainful activity since, October 28, 2003.

2. Plaintiff's mild cerebral palsy, degenerative disc disease of the lumbar spine and bipolar disorder are severe impairments but do not meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

3. Plaintiffs's subjective complaints cannot be entirely credited.

4-5.    From October 28, 2003 to March 11, 2004 and after February 27, 2006, Plaintiff has the residual functional capacity to perform a wide range of unskilled sedentary work involving no frequent interaction with others.  She is, however, unable to perform her past relevant work.

6.    For the closed period from March 11, 2004 to February 27, 2006, Plaintiff was unable to sit, stand or walk for more than brief periods, have extended concentration, handle ongoing work stresses or otherwise effectively handle the requirements of substantial gainful activity at any level of physical exertion.

7.    Plaintiff is 32 years of age and is a "younger individual."  She has a high school equivalent education but no transferable job skills.

8-9.    Because Plaintiff's capacity for sedentary work was significantly compromised during the period from March 11, 2004 to February 27, 2006, a finding of disabled is appropriate.  However, the medical evidence establishes that there has been improvement to Plaintiff's medical impairments and this improvement is related to Plaintiff's ability to work as of February 27, 2006.

10-12.  Considering Plaintiff's age, education, work experience and functional limitations, and using vocational rule 201.28 as a framework for decision making, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Therefore, Plaintiff's disability ceased on

February 27, 2006. Plaintiff was under a disability as defined by the Social Security Act for the period from March 11, 2004 to February 27, 2006, but not thereafter.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful

activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on October 28, 2003, her alleged onset date of disability. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date of disability. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from severe impairments including mild cerebral palsy, degenerative disc disease of the lumbar spine and bipolar disorder, but does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ concluded his evaluation at steps four and five, finding that Plaintiff was unable to perform work at any exertional level during the period from March 11, 2004 to February 27, 2006, and was thus disabled. However, the ALJ further found that Plaintiff otherwise has the residual functional capacity for unskilled sedentary work with no frequent interaction with others, although she is not able to return to her past relevant work. The ALJ

-5-

concluded that outside of Plaintiff's closed period of disability, considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

In this action for judicial review, Plaintiff argues that the ALJ failed to give sufficient weight to the opinion of Plaintiff's treating "psychologist," Joyce Clark Reid. (Docket No. 6-2, Pl.'s Br. Supp. Mot. for J. Rev'g Comm'r, at 3.) Plaintiff argues that a treating physician's opinion "may only be disregarded if there is persuasive contradictory evidence or if it is not well supported by the evidence on record." (*Id.*) This, however, is not the standard the Court applies in evaluating the opinions of treating physicians. Instead, the regulation governing such opinions provides, in pertinent part:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence . . . we will give it controlling weight.

20 C.F.R. §§ 404.1527, 416.927 (2009). By negative implication, if a treating source's opinion is not supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence, it may be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Nonetheless, the record discloses that Ms. Reid is not a psychologist. She is a licensed professional counselor ("LPC"). (*See* Tr. at 300.) Accordingly, Ms. Reid is not an

"acceptable medical source" and her opinion is therefore not entitled to controlling weight. *See* 20 C.F.R. §§ 404.1513, 416.913, 404.1527, 416.927 (2009). However, her opinion is evidence from an "other source" as defined is 20 C.F.R. §§ 404.1513(d) and 416.913(d) and may be considered in assessing the severity of and functional limitations caused by Plaintiff's impairments. *See Nelson v. Astrue*, Civil Action No. 08-4785, 2009 WL 1871965, at *7, n.11 (E.D. Pa. June 26, 2009). Opinions from medical sources other than "acceptable medical sources" "are important and should be evaluated on key issues such as impairment severity, and functional effects, along with other relevant evidence in the file." Social Security Ruling 06-03p, *Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims* ("SSR 06-03p").

The Court does find that the ALJ committed reversible error by apparently not considering at all Ms. Reid's report. The Court's role is to ensure that the ALJ considered all relevant evidence and reached a decision that was rational and sufficiently explained. To assist the Court in reviewing whether the ALJ's findings are supported by substantial evidence, the ALJ must "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

*Id.* at 236 (quoting *Arnold v. Sec'y of Health, Ed. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)).

Here, Ms. Reid's opinion is obviously probative. Ms. Reid noted that Plaintiff had been a regular patient at the Counseling Center of Greensboro (where Ms. Reid is a therapist) since 2003, and that Ms. Reid had personally seen Plaintiff twelve times in five months. (Tr. at 299.) Ms. Reid outlined Plaintiff's history of mental illness as well as the symptoms and functional limitations caused by Plaintiff's diagnosed bipolar disorder. (*Id.* at 299-300.) Despite this, the ALJ failed to consider this evidence or evaluate its significance. (*See id.* at 24-31.) Because the ALJ failed to analyze and explain the weight, if any, given to this evidence, the Court cannot determine whether the ALJ's decision is supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for judgment reversing the Commissioner (Docket No. 6) be granted, that the Commissioner's motion for judgment on the pleadings (Docket No. 9) be denied, and that this matter be remanded to the Commissioner for further proceedings consistent with this opinion.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 10, 2009